UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL CARDENAS,<br><br>Defendant. | No. 1:17-cr-00205-DAD-BAM<br><br>ORDER ON MOTION TO DISCLOSE INFORMANT<br><br>(Doc. No. 45) |

This matter is before the court on a motion to disclose the identity of and other information relating to a confidential informant. (Doc. No. 45.) The government has opposed the motion. (Doc. No. 46.) On July 16, 2018, the court held a hearing on defendants' motion. (Doc. No. 52.) Assistant U.S. Attorney Ross Pearson appeared at the hearing on behalf of the government and Assistant Federal Defender Victor Chavez appeared on behalf of the defendant. The court heard oral argument and took the motion under submission.

In his brief motion seeking informant disclosure, defendant Cardenas contends that the informant in question "is referred to extensively in discovery," "participated in the buy/bust of September 29, 2016," and that the "defense may be entrapment" based upon the informant's activities. (Doc. No. 45 at 1-3.) In its opposition, the government contends that the defense has made only a minimal showing of the need for informant disclosure sufficient to justify the conducting of an *in camera* hearing by the court, without the presence of the defendant or defense

1

counsel, at which the court may inquire as to the informant's involvement in the case and whether the informant has information helpful to the defense. (Doc. No. 46 at 1, 4-6.) (citing *United States v. Ordonez*, 737 F.2d 793, 809 (9th Cir. 1983).

It does appear that both charges brought against defendant Cardenas stem from a transaction which occurred on September 29, 2016. (Doc. No. 1.) Defendant Cardenas contends that the informant was present at that transaction and the government does not appear to contest that fact.[1] Defendant Cardenas has also suggested that he had many interactions with the informant leading up to September 29, 2016, and that he may present a defense of entrapment based upon those activities. Beyond that, the court knows nothing regarding the informant's involvement in this case or whether the informant's identity or other information is essential to the defense. This is not a sufficient basis upon which to rule on defendant's motion. *See Ordonez*, 737 F.2d at 809 ("We cannot discern from this record why the district court determined that the privilege must not give way under the circumstances of this case.")

Accordingly, the court will adopt the government's suggestion and schedule an *in camera* at which the informant and the undercover law enforcement officer will be allowed to testify and the government will be permitted to introduce evidence regarding: (1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defense and any testimony the informant could provide; and (3) the government's interest in and need for non-disclosure. *See Rovairo v. United States*, 353 U.S. 53, 59 (1957); *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (collecting cases); *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir. 1990); *Ordonez*, 737 F.2d at 809-10. Neither the defendant nor defense counsel will be permitted to attend that in camera hearing. However, defense counsel may submit in advance of the hearing any proposed questions or suggested areas for the court's inquiry as well as any information or argument counsel believes may guide the court in making the determination of whether disclosure is warranted in this case in order to ensure a fair determination of the case.

/////

---

[1] This suggests that the informant actively participated in the conduct with which defendant is charged.

2

For the reasons explained above, the *in camera* hearing will be held in the courtroom of the undersigned on August 15, 2018, at 1:30 p.m. Defense counsel shall file with the court any proposed questions and related materials on or before August 13, 2018. Following the *in camera* hearing, the court will issue an order ruling on defendant's informant disclosure motion.

IT IS SO ORDERED.

Dated: **August 2, 2018**

UNITED STATES DISTRICT JUDGE